IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| CHERIE C. WHITEHURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-cv-00010 |
| | ) | |
| BEDFORD COUNTY SCHOOL BOARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**BEDFORD COUNTY SCHOOL BOARD'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant Bedford County School Board ("School Board"), by counsel, and for its Answer[1] to the Second Amended Complaint ("Complaint") filed by Plaintiff Cherie C. Whitehurst, states as follows:

FIRST DEFENSE

The Second Amended Complaint fails to state a claim for which relief can be granted.

SECOND DFENSE

The Plaintiff's Title VII claims are barred, in whole or in part, because she has failed to exhaust her administrative remedies, to the extent that her claims were not included in the Charge of Discrimination that she filed with the U.S. Equal Employment Opportunity Commission.

---

[1] The School Board is answering in part and moving to dismiss in part and has contemporaneously filed a Motion to Dismiss. Defendant Douglas R. Schuch is moving to dismiss the all of the claims against him in the Second Amended Complaint and has contemporaneously filed a Motion to Dismiss.

## THIRD DEFENSE

The Plaintiff's Title VII claims are time-barred, in whole or in part, to the extent that they relate to events that occurred more than 300 days before the filing of her Charge of Discrimination.

## FOURTH DEFENSE

The Plaintiff's claims under 42 U.S.C. §1983 are barred, in whole or in part, by the applicable statute of limitations to the extent that relate to events that occurred more than two years prior to the initiation of this action.

## FIFTH DEFENSE

The Plaintiff's claims for relief are barred to the extent that she failed to mitigate her damages, if any.

## SIXTH DEFENSE

In response to the allegations in the numbered and unnumbered paragraphs of Plaintiff's Second Amended Complaint and attachments thereto, the School Board states as follows:

1. In response to the allegations in paragraph 1 of the Complaint, the School Board states that they are not allegations of fact requiring a response. To the extent that they may be construed as allegations of fact, they are denied. The School Board expressly denies that they discriminated or retaliated against Plaintiff in any way or that Plaintiff is entitled to any relief whatsoever.

2. The allegations in paragraph 2 of the Complaint are admitted.

3. The allegations in paragraph 3 of the Complaint are admitted.

4. The allegations in the first sentence of paragraph 4 of the Complaint are not allegations of fact requiring a response. In response to the allegations in the second sentence of

paragraph 4, the School Board admits that it employed at least 500 individuals for dates relevant to the allegations contained in the Complaint. Any allegations in paragraph 4 not expressly admitted are denied.

5. With regard to the allegations in paragraph 5 of the Complaint, the School Board states that Va. Code § 22.1-58 *et seq.* speaks for itself and denies Plaintiff's characterization thereof.

6. The allegations in the first sentence of paragraph 6 of the Complaint are admitted. The allegations in the second sentence of paragraph 6 are not allegations of fact requiring a response. To the extent a response is required, the allegations are denied.

7. The allegations in paragraph 7 of the Complaint are not allegations of fact requiring a response. The School Board states further that it does not contend that this Court lacks jurisdiction in this matter.

8. The allegations in the first sentence of paragraph 8 of the Complaint are admitted. In response to the remaining allegations in paragraph 8, the School Board states that the documents referenced therein speak for themselves and denies Plaintiff's characterization thereof.

9. The allegations in paragraph 9 of the Complaint are not allegations of fact requiring a response. The School Board states further that it does not contend that venue in this Court is improper.

10. The School Board denies any allegations contained in the heading immediately preceding paragraph 10 of the Complaint. The allegations in paragraph 10 of the Complaint are admitted.

11. The School Board denies any allegations contained in the heading immediately preceding paragraph 11 of the Complaint. The allegations in paragraph 11 of the Complaint are admitted.

12. The allegations in paragraph 12 of the Complaint are admitted.

13. The allegations in paragraph 13 of the Complaint are admitted.

14. The allegations in paragraph 14 of the Complaint are admitted.

15. The allegations in paragraph 15 of the Complaint are admitted.

16. With regard to the allegations in paragraph 16 of the Complaint, the School Board admits that beginning July 1, 2014, Plaintiff's title was changed to Deputy Superintendent and that, as a result of a reorganization of central office staff, the departments of Special Services and Instruction were assigned to Plaintiff. The School Board states further that the Superintendent proposed changing the Plaintiff's title to Chief Academic Officer because he was attempting to align the COO and CFO positions with Plaintiff's position. Plaintiff did not want the title of Chief Academic Officer because she wanted to be viewed as higher in the organization than the COO and CFO. Therefore, Plaintiff requested that her title be changed to Deputy Superintendent, which request the Superintendent granted. Any allegations not expressly admitted are denied.

17. In response to the allegations in paragraph 17 of the Complaint, the School Board states that the document attached as Exhibit 2 speaks for itself and denies Plaintiff's characterization thereof. To the extent a further response is required, the allegations are denied.

18. The School Board denies any allegations contained in the heading immediately preceding paragraph 18 of the Complaint. On information and belief, the allegations in paragraph 18 of the Complaint are admitted.

19. On information and belief, the allegations in paragraph 19 of the Complaint are admitted.

20. The School Board denies any allegations contained in the heading immediately preceding paragraph 20 of the Complaint. The allegations in paragraph 20 of the Complaint are admitted.

21. In response to the allegations in paragraph 21 of the Complaint, the School Board states that the documents referenced therein speak for themselves and denies Plaintiff's characterization thereof.

22. The allegations in paragraph 22 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

23. The allegations in paragraph 23 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

24. The allegations in paragraph 24 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

25. The allegations in paragraph 25 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

26. The allegations in paragraph 26 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

27. The allegations in paragraph 27 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

28. The allegations in paragraph 28 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

29. The allegations in paragraph 29 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

30. The allegations in paragraph 30 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

31. The allegations in paragraph 31 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

32. The allegations in paragraph 32 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

33. The allegations in paragraph 33 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

34. The allegations in paragraph 34 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

35. The allegations in paragraph 35 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

36. The allegations in paragraph 36 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

37. The allegations in paragraph 37 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

38. The allegations in paragraph 38 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

39. The allegations in paragraph 39 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

40. The allegations in paragraph 40 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

41. The allegations in paragraph 41 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

42. The allegations in paragraph 42 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

43. The allegations in paragraph 43 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

44. The allegations in paragraph 44 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

45. The allegations in paragraph 45 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

46. The allegations in paragraph 46 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

47. The allegations in paragraph 47 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

48.     The allegations in paragraph 48 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

49.     The allegations in paragraph 49 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

50.     The allegations in paragraph 50 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

51.     The allegations in paragraph 51 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

52.     The allegations in paragraph 52 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

53.     The allegations in paragraph 53 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

54.     The allegations in paragraph 54 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

55. The allegations in paragraph 55 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

56. The allegations in paragraph 56 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

57. The allegations in paragraph 57 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

58. The allegations in paragraph 58 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

59. The allegations in paragraph 59 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

60. The allegations in paragraph 60 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

61. The allegations in paragraph 61 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

62. The allegations in paragraph 62 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

63. The allegations in paragraph 63 of the Complaint and in the immediately preceding heading require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

64. The allegations in paragraph 64 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

65. The allegations in paragraph 65 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

66. The allegations in paragraph 66 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

67. The allegations in paragraph 67 of the Complaint require no response because they relate to Plaintiff's disparate treatment claim against Defendants, in response to which Defendants have filed a Motion to Dismiss.

68. The allegations in paragraph 68 of the Complaint and in the immediately preceding heading are denied.

69. In response to the allegations in paragraph 69 of the Complaint, the School Board states that the documents referenced therein speak for themselves and denies Plaintiff's characterization thereof.

70. In response to the allegations in paragraph 70 of the Complaint, the School Board states that the documents referenced therein speak for themselves and denies Plaintiff's characterization thereof.

71. The allegations in paragraph 71 of the Complaint are denied.

72. In response to the allegations in paragraph 72 of the Complaint, the School Board states that the documents referenced therein speak for themselves and denies Plaintiff's characterization thereof.

73. The allegations in paragraph 73 of the Complaint are not factual allegations requiring a response. To the extent that they may be construed as allegations of fact, they are denied.

74. In response to the allegations in the first sentence of paragraph 74 of the Complaint, the School Board states that the documents referenced therein speak for themselves and denies Plaintiff's characterization thereof. With regard to the allegations in the second sentence of paragraph 74, the School Board states that no salary had been determined as of the date the letter was drafted. Any allegations not expressly admitted are denied.

75. In response to the allegations in paragraph 75 of the Complaint, the School Board admits that Plaintiff filed, through her attorneys, the document attached as Exhibit 6. The School Board further states that the content of the document attached as Exhibit 6 speaks for itself and denies Plaintiff's characterization thereof. The School Board denies any allegations in paragraph 75 and in Exhibit 6 not explicitly admitted.

76. In response to the allegations in paragraph 76 of the Complaint, the School Board admits that it held a special called meeting on June 21, 2018. The remaining allegations in paragraph 76 are denied.

77. In response to the allegations in paragraph 77 of the Complaint, the School Board admits that Plaintiff was reassigned to the position of instructional coach, which is considered a teaching position. The School Board further states that the document attached as Exhibit 7 speaks for itself and denies Plaintiff's characterization thereof.

78. In response to the allegations in paragraph 78 of the Complaint, the School Board states that the document referenced therein speaks for itself and denies Plaintiff's characterization thereof.

79. In response to the allegations in paragraph 79 of the Complaint, the School Board admits that Plaintiff was reassigned to an instructional coach position pursuant to Va. Code § 22.1-294(C). The School Board admits that Plaintiff's salary for the 2017–18 academic year was $132,766.00. The School Board admits that Plaintiff's salary under the instructional coach contract was $114,262.00. The School Board admits that the difference between these two amounts is $18,504.00.

80. The allegations in paragraph 80 of the Complaint and the immediately preceding heading are denied.

81. The allegations in paragraph 81 of the Complaint are denied, and the School Board denies any liability for any damages alleged by Plaintiff.

82. The allegations in the first sentence of paragraph 82 of the Complaint are denied. With regard to the allegations in the second and third sentences of paragraph 82, the School Board lacks knowledge or information sufficient to allow it to form a belief as to the truth of the allegations, and therefore denies the allegations. The allegations in the fourth sentence of paragraph 82 are denied.

83. In response to the allegations in paragraph 83 of the Complaint, the School Board denies that Plaintiff was discriminated against in any way. The School Board admits only that Plaintiff was on leave under the Family Medical Leave Act between August 9, 2018, and June 30, 2019. The School Board admits that the Plaintiff used 206 days of sick leave between August 9, 2018, and June 30, 2019.

84. In response to the allegations in paragraph 84 of the Complaint, the School Board denies that Plaintiff was discriminated against in any way. The School Board lacks knowledge or information sufficient to allow it to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore denies the allegations.

85. In response to the allegations in paragraph 78 of the Complaint, the School Board incorporates its responses contained above in paragraphs 1 through 84 as if fully stated herein.

86. In response to the allegations in paragraph 86 of the Complaint, the School Board states that, to the extent the allegations relate to Plaintiff's disparate treatment claim, no response is required because the School Board has filed a Motion to Dismiss in response. To the extent the allegations relate to Plaintiff's retaliation claim, the allegations in paragraph 86 are denied.

87. In response to the allegations in paragraph 87 of the Complaint, the School Board states that, to the extent the allegations relate to Plaintiff's disparate treatment claim, no response is required because the School Board has filed a Motion to Dismiss in response. To the extent the allegations relate to Plaintiff's retaliation claim, the allegations in paragraph 87 are denied.

88. In response to the allegations in paragraph 88 of the Complaint, the School Board states that, to the extent the allegations relate to Plaintiff's disparate treatment claim, no response is required because the School Board has filed a Motion to Dismiss in response. To the extent the

allegations relate to Plaintiff's retaliation claim, the allegations in paragraph 88 are denied. The School Board further denies that Plaintiff is entitled to any relief under any theory of recovery.

89. In response to the allegations in paragraph 89 of the Complaint, the School Board incorporates its responses contained above in paragraphs 1 through 84 as if fully stated herein.

90. The allegations in paragraph 90 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

91. The allegations in paragraph 91 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

92. The allegations in paragraph 92 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

93. The allegations in paragraph 93 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

94. The allegations in paragraph 94 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

95. The allegations in paragraph 95 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

96. The allegations in paragraph 96 of the Complaint require no response because they relate to Plaintiff's claim against Dr. Schuch, in response to which Defendants have filed a Motion to Dismiss.

97. In response to Plaintiff's request for judgment beginning in the unnumbered paragraph on page 21 of the Complaint, the allegations in paragraph (a) are denied to the extent they relate to Plaintiff's retaliation claim against the School Board. To the extent they relate to Plaintiff's disparate treatment claim against the School Board, no response is required because the School Board has contemporaneously filed a Motion to Dismiss in response to that claim.

98. In response to Plaintiff's request for judgment beginning in the unnumbered paragraph on page 21 of the Complaint, the School Board states that no response is required for the allegations in paragraph (b) because those allegations relate to the claims against Dr. Schuch, which are the subject of a contemporaneously-filed Motion to Dismiss.

99. In response to Plaintiff's request for judgment beginning in the unnumbered paragraph on page 21 of the Complaint, the allegations in paragraph (c) and paragraph (d) are denied to the extent they relate to Plaintiff's retaliation claim against the School Board. To the extent they relate to Plaintiff's disparate treatment claim against the School Board or to Plaintiff's claims against Dr. Schuch, no response is required because Defendants have contemporaneously filed a Motion to Dismiss in response to those claims. The School Board further denies that Plaintiff is entitled to any relief under any theory of recovery.

100. Any allegations in the Second Amended Complaint not expressly admitted are denied.

Respectfully Submitted,

BEDFORD COUNTY SCHOOL BOARD

By Counsel

 /s/ Stacy L. Haney
Stacy Haney (VSB No. 71054)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
T: (804) 500-0301
P: (804) 500-0309
shaney@haneyphinyo.com

Counsel for Bedford County School Board

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th of February, 2020, I have electronically filed the foregoing using the CM/ECF system, which will automatically send email notification of such filing to counsel of record as follows:

W. Huntington Byrnes
Steven P. Gould
BYRNES GOULD PLLC
312 Main Street, Suite 200
P.O. Box 47
Danville, VA 24543
T: (434) 792-2424
HByrnes@byrnesgould.com
SGould@byrnesgould.com

Counsel for Plaintiff


 /s/ Stacy L. Haney
Stacy Haney (VSB No. 71054)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 300C
Richmond, VA 23219
T: (804) 500-0301
P: (804) 500-0309
shaney@haneyphinyo.com

Counsel for Bedford County School Board